UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**
JUL 2 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Cr. No. 07-169 |
| v. : | |
| : | Violation: |
| RENE LILLICOTCH : | 18 U.S.C. Section 371 |
| : | (Conspiracy) |
| Defendant : | |

**STATEMENT OF OFFENSE**

The United States and Rene Lillicotch agree that the following facts are true and correct:

1. During the time period at issue in this case the defendant, RENE LILLICOTCH, hereinafter sometimes referred to as the defendant, RENE LILLICOTCH or LILLICOTCH, was a resident of Manassas, Virginia, who operated Precision Mechanical Services ("Precision"), a company specializing in commercial mechanical services in the greater Washington, D.C. area.

2. RENE LILLICOTCH, individually and through Precision, periodically performed mechanical work for PM Services, a Federal contractor that managed government buildings in Washington, D.C on behalf of the General Services Administration.

3. CW was employed by PM Services as an engineer at the Federal Cohen and Switzer Buildings, which are located in Washington, D.C.

4. WO'S was employed by PM Services as a project manager and chief engineer at the Federal Cohen and Switzer Buildings.

5. CW and W'OS were LILLICOTCH'S primary contacts at PM Services for all business matters, including bidding for jobs LILLICOTCH and Precision would perform on behalf of PM Services.

### The Conspiracy

6. From in or about December of 2000 and continuing thereafter through at least July of 2003, in the District of Columbia and elsewhere, the defendant RENE LILLICOTCH did unlawfully and knowingly conspire with other persons to commit an offense against the United States, that is, devise, participate in, and execute a scheme and artifice to defraud PM Services, to obtain PM Services money, funds and property through false material pretenses, representations and promises and to deprive PM Services of its intangible right to CW's and WO's' honest services as PM Services employees, and in the execution of such scheme, to knowingly cause to be delivered by the United States Postal Service and by private and commercial interstate carrier matters and things.

### Purpose of the Conspiracy

7. A purpose of the conspiracy was for defendant RENE LILLICOTCH and co-conspirators, to fraudulently obtain moneys, funds and property from PM Services for their own use and benefit and to further the scheme by various means, including omissions of material fact, false material pretenses, representations and promises.

### Manner and Means of the Conspiracy

8. As part of the conspiracy, defendant RENE LILLICOTCH and other co-conspirators used the following manners and means, among others:

   a. It was part of the conspiracy that defendant RENE LILLICOTCH, CW and

WO'S agreed that LILLICOTCH would create and submit to PM Services officials invoices containing falsely inflated prices for work performed or to be performed by Precision.

    b. It was further part of the conspiracy that CW and WO'S caused PM Services to issue purchase orders for Precision's labor and materials also containing the same falsely inflated prices. LILLICOTCH, CW and WO'S caused FedEx, a commercial interstate carrier, to be used to send the false purchase orders from PM Services office in Washington, D.C. to PM Services headquarters in Florida. In reliance on the false invoices and purchase orders, PM Services issued checks that included approximately $175,330.85 in fraudulent excess payments.

    c. It was further part of the conspiracy that LILLICOTCH, CW and WO'S agreed that after Precision received payment from PM Services based on the falsely inflated invoices and purchase orders, LILLICOTCH would make cash withdrawals from his banks and thereafter make cash kickback payments to CW and WO'S totaling approximately two-thirds or more of the inflated amount and would keep any remainder of said inflated amount.

    d. It was further part of the conspiracy that in order to secretly keep track of the kickback payments paid or to be paid by LILLICOTCH to CW and WO'S, CW created a spreadsheet entitled "Master Job Assessment" that itemized the true price for work performed by Precision, the inflated price being submitted to PM Services officials, and the amount of the kickbacks.

    e. It was further part of the conspiracy that LILLICOTCH, CW and WO'S concealed the kickback payments from PM Services officials, thereby depriving PM Services of its right to CW's and WO'S' honest and loyal services.

**Overt Acts**

9. Within the District of Columbia and elsewhere, in furtherance of the above-described conspiracy and in order to carry out the objects thereof, defendant RENE LILLICOTCH and others committed the following overt acts, among others:

a. On or about March 29, 2002 RENE LILLICOTCH, C.W. and WO'S caused a false purchase order no. 1329, containing an inflated cost figure of $67,463 for materials and mechanical work Precision was to perform, to be sent from PM Services' Washington, D.C. office to PM Services' headquarters office, 2220 Central Avenue, St. Petersburg, FL 33712 via FedEx, a commercial interstate carrier.

b. On or about June 7, 2002, RENE LILLICOTCH, CW and WO'S caused PM Services check number 13451 for $18,000, relating to a deposit on the materials portion of the false purchase order described in paragraph a. above, to be sent from PM Services' headquarters office, 2220 Central Avenue, St. Petersburg, FL 33712 to Precision.

c. On or about June 19, 2002, RENE LILLICOTCH, CW and WO'S caused a false invoice no. 60709, containing the remaining inflated cost figure of $49,462.65 (after the $18,000 deposit payment on or about June 7, 2002) for mechanical work Precision performed, to be submitted to PM Services.

d. On or about August 29, 2002, RENE LILLICOTCH, CW and WO'S caused PM Services check number 15400 for $49,462.65, to be sent from PM Services' headquarters office, 2220 Central Avenue, St. Petersburg, FL 33712 to Precision.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By: _____
JOHN GRIFFITH
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-2453

**DEFENDANT'S ACCEPTANCE**

I have read every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11 and 28 U.S.C. § 1746, after consulting with my attorney Charles Shaffer, Esq., I agree and stipulate to this Statement of Offense, and admit and declare under penalties of perjury that the facts recited within this Statement of Offense are true and correct.

Date: 7-25-07       _____
                    Rene Lillicotch, Defendant

I have discussed this Statement of Offense with my client, Mr. Lillicotch. I concur with his decision to stipulate to this Statement of Offense.

Date: 7-25-07       _____
                    Charles Shaffer, Esq.
                    Attorney for the Defendant