UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    )
                            )
v.                          )    DOCKET NO.:1:07cr169-01
                            )
RENE LILLICOTCH             )

### DEFENDANT'S RESPONSE TO THE GOVERNMENT'S CONSOLIDATED MEMORANDUM IN AID OF SENTENCING AND MOTION FOR DOWNWARD DEPARTURE

**Prepared for:**  Hon. Colleen Kollar-Kotelly
United States District Judge

**Submitted by:**  Charles Norman Shaffer[1]
D.C. Bar No.76117
P.O. Box 190
Damascus, Maryland 20872
(410) 489-4309
(410) 489-4691 (fax)
cnshaffer@comcast.net

*Attorney for the Defendant*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Defendant's Response to the Government's Consolidated Memorandum in Aid of Sentencing and Motion for Downward Departure was this 24th day of July, 2008 e-mailed to John Griffith, Esquire, Assistant United States Attorney, at john.griffith3@usdoj.gov, prosecuting attorney for the United States and to Kelli Griffin Cave, United States Probation Officer, at Kelli_Cave@dcp.uscourts.gov.

_____
CHARLES NORMAN SHAFFER

---

[1] After consultation with Mr. Herbert J. Hoelter, Co-Founder and CEO, National Center on Institutions and Alternatives.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | DOCKET NO.:1:07cr169-01 |
| | ) | |
| RENE LILLICOTCH | ) | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S CONSOLIDATED MEMORANDUM IN AID OF SENTENCING AND MOTION FOR DOWNWARD DEPARTURE**

On July 7, 2008, a memorandum in aid of sentencing was submitted to the Court on behalf of Rene Lillicotch, who pled guilty to one count of Conspiracy, in violation of 18 U.S.C. §371. This supplemental memorandum is in response to the Government's recent filing in this case. The defendant does not dispute the factual background, nor the nature and circumstances of the offense, as outlined by the Government. Instead, the Government's motion for a downward departure provides an opportunity to reinforce Mr. Lillicotch's substantial cooperation in the Government's investigation in this case and to reiterate that a probationary sentence would not only serve the goals of sentencing, but would also allow Mr. Lillicotch to continue to play a vital role in the daily operations of his company, Precision Mechanical, thus preserving the business and maintaining the jobs of over twenty employees.

Mr. Lillicotch has expressed complete and total remorse for his role in this offense. His acceptance of responsibility is evident in his cooperation with the investigation in this case. Significantly, the Government noted Mr. Lillicotch's remorse and acceptance of responsibility in its sentencing memorandum:

> The defendant nevertheless subsequently accepted responsibility for this crime pre-indictment and cooperated in the government's investigation. He has also

expressed genuine remorse for this illegal conduct. [Government Memorandum, p. 4]

Since the instant offense, Mr. Lillicotch has continued to live his life as a law-abiding and hard-working citizen. His behavior in this matter, while not excusable, was an aberration and motivated by the fear that he would lose one of his largest recurring customers. As a result of his actions, he has put his business and his employees at risk. Precision Mechanical, which he started and has operated for over 18 years, may not be able to withstand any period of absence by Mr. Lillicotch, due to the critical role he plays in the daily operations of the company and the fact that he is the only employee qualified to bid potential jobs. While this would have significant consequences for Mr. Lillicotch, this will also have a substantial impact on the lives of his 22 employees, including several family members, none of whom had any involvement in the instant offense and who all rely on their employment for their livelihood.

As detailed in the Government's memorandum, Mr. Lillicotch's substantial assistance to the government was such that it warranted a §5K1.1 downward departure of one level, resulting in a reduction in his total offense level from a level 13 to a level 12. Prior to this departure, Mr. Lillicotch's offense level placed him in Zone D of Sentencing Table, with an applicable guideline range of 12-18 months. A total offense level of 12 now places him in Zone C, with an applicable guideline range of 10-16 months.

While this reduction in offense level is substantial, it is also important to note that the Court has ample authority post-*Booker* to impose a non-Guidelines sentence. We respectfully submit that a non-incarceratory sentence is appropriate in this case. Specifically, we believe that probation, or probation conditioned upon either a period of time served in a community corrections center or a period of home confinement, will fulfill the goals of sentencing, while

also affording Mr. Lillicotch the opportunity to maintain his business and protecting the jobs of his employees.