**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

RENE LILLICOTCH,

　　Defendant.

**Criminal No. 07-cr-00169-1 (CKK)**

**MEMORANDUM OPINION**
(May 16, 2019)

Pending before this Court is *pro se* Defendant Rene Lillicotch's [28] March 20, 2019 Letter to the Court requesting an expungement of his conviction, which is considered by this Court as a Motion to Expunge Criminal Record ("Def.'s Mot."); the United States' [32] Opposition to Defendant's Motion ("Govt. Opp'n"); and Defendant's [34] April 26, 2019 Letter to the Court, which is considered as Defendant's Reply ("Def.'s Reply") to the United States' Opposition. Defendant Rene Lillicotch ("Defendant" or "Mr. Lillicotch") indicates that he is moving to Florida to care for family and will be looking for employment so that he can support his wife, but he has been unable to "[get] through the[ ] felony conviction requirements phase" even though he had not engaged in any criminal conduct since his plea was taken in 2008 by this Court. Def.'s Mot., ECF No. 28, at 1. Mr. Lillicotch requests that this Court expunge his criminal record, and as grounds therefore, he notes: (1) his cooperation with law enforcement during the investigation that resulted in his conviction; (2) his exemplary performance while on probation, which resulted in early termination of probation; and (3) his vow to "live by the mind[s]et that [he] will be one of the most trusted and law[-]abiding citizens in the United States." *Id.* Upon review of relevant legal authorities and the pleadings made by the parties, the Court shall DENY Mr. Lillicotch's [28]

Motion to Expunge Criminal Record.

## I. BACKGROUND

Mr. Lillicotch was charged by an information filed in this Court on June 29, 2007, with one count of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371. *See* Information, ECF No. 1. On July 25, 2007, Mr. Lillicotch entered a guilty plea, and as part of his plea agreement, he agreed to cooperate in the investigation of other individuals and to pay restitution, jointly and severally, with his co-conspirators. *See* Plea Agreement, ECF No. 4, at 2-3. In exchange, the Government consented to Defendant's release pending sentencing, did not oppose Defendant's request for a downward departure in the Sentencing Guidelines, and requested a sentence at the low end of the Guideline range. *See id.* at 4. On August 7, 2008, Mr. Lillicotch was sentenced to term of sixty months of probation, with sixty days of imprisonment to be served on weekends during the first three months of probation, and he was ordered to pay $84,433.00 in restitution. *See* Judgment, ECF No. 18. Mr. Lillicotch's supervised probation period was terminated early, in September 2012, pursuant to a recommendation by the Probation Office in which this Court concurred. Mr. Lillicotch now moves to expunge his criminal record. Defendant's Motion to Expunge Criminal Record comes approximately seven years after the termination of his probation, and it is opposed by the Government.

## II. ANALYSIS

"The power to order expungement is part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights." *United States v. Archer*, Criminal No. 07-0029, 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012) (quoting *Doe v. Webster*, 606 F.2d 1226, 1231 n.8, (D.C. Cir. 1979)); *see Chastain v. Kelley,* 510 F.2d 1232, 1235 (D.C. Cir. 1975) (federal courts have the power to order the expungement of government records, such as criminal

records, "where necessary to vindicate rights secured by the Constitution or by statute.") "Before expunging a criminal record, the Court must find, after examining the particular facts and circumstances of the case, the 'remedy is necessary and appropriate in order to preserve basic legal rights.'" *United States v. Davis*, No. CR. 342-72, 2006 WL 1409761, at \*2 (D.D.C. May 23, 2006) (quoting *Livingston v. U.S. Dep't of Justice*, 759 F. 2d 74, 78 (D.C. Cir. 1985)).

'The court may order expungement where it is required or authorized by statute, or in the exercise of its inherent equitable powers." *Archer*, *supra*. at \*1 (internal quotation marks and citation omitted); *see United States v. Derouen*, 279 F. Supp. 3d 298, 299 (D.D.C. 2018) (same); *see also Livingston*, *supra*. (observing that "courts have the inherent, equitable power to expunge arrest records") (citations omitted). There is however "no 'standalone right to expungement of government records' [ ] recognized in this Circuit." *United States v. Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017) (quoting *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536 (D.C. Cir. 2015)). When the court exercises its inherent equitable power to order expungement it requires "either a lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Doe*, 606 F.2d at 1230; *see e.g., United States v. Blackwell*, 45 F. Supp. 3d 123, 124 (D.D.C. 2014) ("Absent a statutory basis authorizing expungement, courts have granted motions to expunge only in extreme circumstances, such as in cases involving flagrant constitutional violations.")

In the instant case, Defendant cites no specific statutory authority; he does not contend his arrest and indictment were improper, nor does he plead unusual or extraordinary circumstances justifying expungement. Rather, Mr. Lillicotch seeks expungement of his indictment because he seeks to move to Florida to care for family and obtain employment so that he can support his wife, but his proffered interest does not warrant the remedy of expungement. *See, e.g., United States v.*

*Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017) ("Merely citing to the fact that a criminal record may foreclose or present difficulties in finding employment opportunities does not meet the fundamental prerequisite of setting out a legally cognizable claim to vindicate rights secured by the Constitution or by statute, for which claim expungement may be appropriate relief."); *United States v. Robinson*, 23 F. Supp. 3d 15, 16 (D.D.C. 2014) ("[E]ven difficulties obtaining employment and securing housing are not regarded as extreme circumstances" justifying expungement.) Accordingly, the Court lacks the power to expunge Mr. Lillicotch's criminal record under these circumstances.

In this Circuit, when assessing whether to invoke the Court's inherent authority to grant a motion for expungement of an arrest record, the Court considers whether "serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Davis*, 2006 WL 1409761, at *2 (citations omitted). This Circuit is clear that the Government has a "legitimate need in maintaining criminal records in order to efficiently conduct future criminal investigations." *Doe*, 606 F.2d at 1243. "Retaining and preserving arrest records serve[s] an important function of promoting effective law enforcement" and serves the "compelling public need for an effective and workable criminal identification procedure." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (quotation omitted); *see also United States v. Woods*, 313 F. Supp. 3d 197, 200 (D.D.C. 2018) ("The government has both the statutory authority to maintain criminal records and a demonstrated need to do so in order to conduct future criminal investigations efficiently.") Retaining criminal records "aids in effective law enforcement" and maintaining records of convictions "helps preserve uniform sentencing under the United States Sentencing Guidelines" because the sentencing ranges rely in part on a defendant's past criminal history. *United States v.*

*Salleh*, 863 F. Supp. 283, 284 (E.D. Va. 1994). As a result, expungements of criminal records are rare, without authorizing statute or extraordinary circumstances. "[R]elief usually is granted only in extreme circumstances, the finding of which requires a balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties." *Davis*, 2006 WL 1409761, at *2 (internal quotation marks and quotation omitted).

### III. CONCLUSION

Mr. Lillicotch notes his conviction and the subsequent barriers to obtaining gainful employment that stem from that conviction. The Court acknowledges the difficulties experienced by a defendant as a direct and collateral result of having a felony conviction. That said, Mr. Lillicotch does not present statutory authority in support of his expungement request, nor does he contend his arrest was improper, or demonstrate any extraordinary circumstances that would warrant expungement when balanced against the government interest in preserving criminal records. The circumstances expressed by Defendant are not unique to him, but instead, they are the circumstances facing every defendant with a criminal record and as such, they fail to "rise to the level of the exceptional circumstances necessary to justify this Court's exercise of its equitable power to expunge records of a valid arrest and conviction absent a showing of some violation of rights." *United States v. Wilson*, 98-mj-0558, 2008 WL 2446134, at *1 (D.D.C. June 17, 2008).

While the Court commends Mr. Lillicotch in his efforts since his sentencing, the Court finds that Defendant's inability to obtain employment on its own is insufficient to justify expungement of his criminal record. This Circuit has consistently ruled that when weighed against governmental interests in preserving a criminal record, the adverse effects of a defendant's conviction on his employment prospects are insufficient to warrant expungement, absent flagrant

constitutional violations.  *See, e.g., Derouen*, 279 F. Supp. 3d at 300; *United States v. Woods*, 313 F. Supp. 3d 197, 200 (D.D.C. 2018) ("Inability to obtain specific employment is neither an exceptional circumstance nor an unusual result of a criminal conviction."); *United States v. Spinner*, 72 F. Supp. 3d 266, 269 (D.D.C. 2014) (holding that the inability to obtain employment does not warrant the remedy of expungement of a criminal record); *United States v. Baccous*, Criminal Action No. 99-0596, 2013 WL 1707961, at *2 (D.D.C. April 22, 2013) (noting that even where the defendant's concerns about his employment and residential opportunities were valid, there was a lack of "extreme circumstances" and expungement of his criminal record was unwarranted); *In re Reid*, 569 F. Supp. 2d 220, 222 (D.D.C. 2008) ("[W]hile this Circuit has long recognized the fact that a criminal record causes social disabilities, the harm of being unable to obtain employment is insufficient on its own[.]") (citations omitted)). Accordingly, for the foregoing reasons, the Court finds that Mr. Lillicotch's [28] Motion to Expunge Criminal Record must be denied.

An appropriate Order accompanies this Memorandum Opinion.


_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE